IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR 68,384-02






EX PARTE MICHAEL REED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 42,203-B IN THE 78
TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance: methamphetamine (200-400 grams) and sentenced to ten years' imprisonment. 

 Applicant contends that he is being denied mandatory supervision review due to a previous robbery
conviction for which he successfully completed probation. Applicant has alleged facts that, if true, might
entitle him to relief. Tex. Gov't Code §508.149. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division, to file an
affidavit stating whether or not Applicant is being denied mandatory supervision review and if so, listing the
reason for that denial. The affidavit should state whether Applicant is serving a sentence for, or has
previously been convicted of, an offense which was listed in Tex. Gov't. Code § 508.149(a). 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings as to whether or not Applicant is being denied mandatory
supervision review, and if so, the reason for the denial. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 31, 2007


Do not publish